1

2

3

4

5

6

7

8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
9

10   MARK LEE MILLER,

11                     Petitioner,          CASE NO. 3:15-CV-05928-RBL-
                                            DWC
12        v.
                                            REPORT AND
13   JEFFREY A UTTECHT,                      RECOMMENDATION

14                     Respondent.          NOTED FOR: MAY 20, 2016

15

16        The District Court has referred this action to United States Magistrate Judge David W.

17   Christel. Mark Lee Miller proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus ("the

18   Petition") pursuant to 28 U.S.C. § 2254, which challenges the revocation of his 2011 Conditional

19   Discharge from Supervision (CDFS) and 2013 revocation of parole, which resulted in his

20   subsequent return to custody. Dkt. 1 at 1, 6-8.  Respondent filed a Motion to Dismiss ("Motion"),

21   arguing the Petition should be dismissed as moot because Petitioner served his entire parole

22   revocation term and was released from custody after he filed his Petition. Dkt. 15 at 1. Petitioner

23   did not file a reply. *See* Dkt.

24        Having reviewed the pleadings and all supporting documents, the Court concludes the

REPORT AND RECOMMENDATION - 1

Petition is moot and recommends granting Respondents' Motion and dismissing the Petition.

**FACTS**

The Washington Court of Appeals summarized the facts of Petitioner's underlying

1979 conviction and the subsequent revocation of his 2011 CDFS and 2013 parole as follows:

> On November 9, 1979, Miller pleaded guilty to one count of first degree robbery and was granted a five year deferred sentence. After Miller committed a series of robberies in Oregon, the Clark County Superior Court revoked his deferred sentence and sentenced him to a maximum term of 40 years incarceration. The ISRB [Intermediate Sentence Review Board] set a minimum term of 33 months. In November 1993, the ISRB released Miller on parole. Between 1993 and 2008, Miller violated the conditions of his parole on several occasions. In 2009, the ISRB again granted Miller parole and released him to a CDFS. In November 2010, Miller's Community Custody Officer (CCO) filed a notice of violation, alleging that Miller violated the conditions of his CDFS by stabbing one person and threatening to kill another person. However, the victims and witnesses did not cooperate with law enforcement, and the case was dismissed. On December 9, 2010, the ISRB returned Miller to CDFS.
>
> On December 20, 2011, Miller's CCO Ronda Nielsen, filed a report with the ISRB requesting that Miller's CDFS be rescinded and that he be returned to active supervision. Nielsen stated that, since being released on the CDFS, Miller had been arrested seven times …. Nielsen stated that after Miller's arrest in December 2011, the local police department reported Miller's arrests and requested that the ISRB take action. Nielsen recommended that the ISRB rescind Miller's CDFS and place him back on active supervision. The ISRB rescinded Miller's CDFS and placed him back on active supervision[.]
>
> ….
>
> On July 15, 2012, CCO Nielsen submitted a notice of parole violation based on Miller using illegal drugs. The ISRB ordered Miller's parole reinstated with the additional condition that he obtain a drug and alcohol evaluation and comply with all recommendations. On July 25, Nielsen submitted another notice of violation based on Miller possessing alcohol and failing to report as directed. The ISRB again reinstated Miller's parole with the conditions that Miller obtain a drug and alcohol evaluation within 15 days and report weekly.
>
> On November 9, 2012, CCO Nielsen submitted another notice of violation, alleging that Miller failed to report as directed, failed to report a change of residence, and failed to obtain a drug and alcohol evaluation as ordered. Nielsen also noted that Miller had recently been arrested for resisting arrest and second

degree possession of stolen property. On December 31, Nielsen submitted a notice of two additional violations: using methamphetamines and using opiates.

On January 8, 2013, the ISRB held a parole revocation hearing to address all five alleged parole violations. Miller was represented by an attorney at the revocation hearing. Miller pleaded guilty to the alleged violations that he failed to report and failed to obtain a drug and alcohol evaluation. The ISRB found Miller not guilty of the alleged violation that he failed to report a change of address. Miller's attorney objected to the ISRB considering the allegations regarding illegal drug use because the only evidence supporting the allegations was inadmissible hearsay. The ISRB ruled that the allegations would be considered based on the testimony of the CCOs and any finding would not be based on inadmissible hearsay.

…

The ISRB found Miller guilty of using illegal substances and … revoked Miller's parole stating:

> The [ISRB] has tried repeatedly to work with Mr. Miller, recognizing the length of time he has served in prison and under supervision in the community. However, when paroled and especially not under active supervision he has continually demonstrated an on-going disregard for appropriate behavior and rule following. His attitude and actions clearly do not meet the statutory standard of being totally rehabilitated and as a result, the Board has the responsibility to return him to prison.

Dkt. 10, Exhibit 4 at 2-5.

## PROCEDURAL BACKGROUND

Petitioner filed a personal restraint petition challenging the revocation of his 2011 CDFS and 2013 parole. Dkt. 15-1, Exhibit 4. On July 15, 2014, the Washington Court of Appeals denied Petitioner's personal restraint petition in an unpublished opinion. *See id.*

On December 16, 2015, while still incarcerated at Coyote Ridge Corrections Center (CRCC), Petitioner filed this Petition, challenging the revocation of his 2011 CDFS and 2013 parole. Dkt. 1 at 1, 6-8. On December 21, 2015, Petitioner was released from CRCC. Dkt. 15-1, Exhibit 2 (Order of Parole and Supervision Conditions). Petitioner is no longer incarcerated and

1   lists his current address as a private residence in Goldendale, Washington. *See* Dkt. 1; Dkt. 15-1,

2   Exhibit 3 (DOC ISRB Administrative Release Decision).

3          Petitioner raises three grounds for relief: (1) whether the revocation of his 2011 CDFS

4   by the ISRB violated his due process rights;[1] (2) whether Petitioner's constitutional rights were

5   violated when the Washington courts applied a different standard of review to his challenge of

6   the ISRB decision to revoke his 2013 parole; and (3) whether there was sufficient evidence at his

7   2013 parole revocation hearing to support allegations Petitioner had used drugs. Dkt. 1 at 6-8.

8   Petitioner does not challenge his underlying 1979 conviction. *See* Dkt. 1.

9          Petitioner seeks the following relief: "(1) Vacate and dismiss with prejudice the order

10  revoking my CDFS; (2) Vacate and dismiss with prejudice the order of my parole revocation; (3)

11  order my immediate release from prison; (4) order my immediate discharge from the execution

12  of this sentence; (5) order that the drug testing process violates the due process clause of the

13  United States [C]onstitution." Dkt. 1 at 8.

14                                    **EVIDENTIARY HEARING**

15         The decision to hold a hearing is committed to the Court's discretion.  *Schriro v.*

16  *Landrigan*, 550 U.S. 465, 473 (2007).  "[A] federal court must consider whether such a hearing

17  could enable an applicant to prove the petition's factual allegations, which, if true, would entitle

18  the applicant to federal habeas relief." *Landrigan*, 550 U.S. at 474.  In determining whether

19  relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before

20  the state court. *Cullen v. Pinholster*, ---U.S.---, 131 S.Ct. 1388 (2011).  A hearing is not required

21  if the allegations would not entitle petitioner to relief under 28 U.S.C. § 2254(d).  *Landrigan*,

22  550 U.S. at 474.  "It follows that if the record refutes the applicant's factual allegations or

23  ─────────────────

24         [1] The Court notes Petitioner's first and second grounds for relief are repetitive. *See* Dkt. 1 at 6-7. Thus, the
    Court proceeds to consider these two grounds for relief together.

1    otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."

2    *Id.*; *see also Cullen,* 131 S. Ct. 1388 (2011).  The Court finds it unnecessary to hold an

3    evidentiary hearing because the Petition is moot.

4                                               **DISCUSSION**

5           Respondent's Motion raises the question of jurisdiction. The Court must determine

6    whether the issues raised in the Petition present an actual "case or controversy" upon which the

7    Court may grant relief. *Spencer v. Kemna*, 523 U.S. 1, 7, (1998); *see also United States v.*

8    *Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001).  The case or controversy provision of Article III,

9    Section 2 of the Constitution "subsists through all stages of federal judicial proceedings, trial and

10   appellate ... the parties must continue to have a 'personal stake in the outcome' of the lawsuit."

11   *Spencer,* 523 U.S. at 7 (1998) (quoting *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477–478

12   (1955)). Thus, throughout the litigation, the petitioner must have suffered, or be threatened with,

13   "an actual injury traceable to the defendant [or respondent] and likely to be redressed by a

14   favorable judicial decision." *Spencer,* 523 U.S. at 7 (quoting *Lewis,* 494 U.S. at 477). If the case

15   does not meet the case or controversy requirement, it is moot and the court should dismiss the

16   action. *Spencer*, 523 U.S. at 7; *Calderon v. Moore*, 518 U.S. 149, 150 (1996).

17          As Respondent correctly points out, in *Spencer,* the Supreme Court was presented with

18   facts very similar to the instant case. The petitioner challenged his parole revocation which led to

19   his re-incarceration. *Spencer*, 523 U.S. at 7. The Supreme Court held that the petition was

20   rendered moot by the petitioner's release because there was no continuing injury or collateral

21   consequences. *Spencer,* 523 U.S. at 7. The Court refused to extend a presumption of collateral

22   consequences to parole revocations. *Id.* at 8.

23

24

1    Other cases in the Ninth Circuit have also applied the mootness doctrine when a

2    petitioner challenges his parole revocation but the term has been completed. *See Burnett v.*

3    *Lampert,* 423 F.3d 996, 999 (9th Cir. 2005) (holding that petitioner's release on parole and

4    subsequent re-incarceration rendered his petition moot); *Fendler v. U.S. Bureau of Prisons,* 846

5    F.2d 550, 555 (9th Cir. 1988) (finding that release of petitioner on parole mooted his petition

6    seeking earlier release date on the grounds the parole commission had improperly delayed his

7    release); *Brady v. United States Parole Comm.,* 600 F.2d 234, 236 (9th Cir. 1979) (same*); White*

8    *v. Cate,* 395 F. App'x 489, 490 (9th Cir. 2010) (same).

9    Here, Petitioner seeks an order vacating and dismissing with prejudice the revocation of

10   his 2011 CDFS. Dkt. 1 at 8. With respect to the 2013 parole revocation, Petitioner seeks the

11   following relief: "(2) Vacate and dismiss with prejudice the order of my parole revocation; (3)

12   order my immediate release from prison; (4) order my immediate discharge from the execution

13   of this sentence; (5) order that the drug testing process violates the due process clause of the

14   United States [C]onstitution." Dkt. 1 at 8.

15   However, Petitioner has already served his term of incarceration that resulted from his

16   2011 CDFS revocation and his subsequent 2013 parole revocation, and there is no relief which

17   this Court can award.  *See* Dkt. 15-1, Exhibit 2, Exhibit 3 and Exhibit 4. Furthermore, Petitioner

18   does not challenge the validity of his underlying conviction or allege any collateral consequences

19   resulted from his CDFS or parole revocation. *See Carafas v. La Vallee*, 391 U.S. 234, 237-38

20   (1968) (petition is moot if there are no "collateral consequences" from the challenged conviction,

21   or no relief other than release was appropriate for the particular claims raised); *Burnett,* 423 F.3d

22   at 999; *Fendler,* 846 F.2d at 555.  Even if Petitioner was found to be in violation of his current

23   parole term, his subsequent re-incarceration would be a consequence of a new violation, not the

24

1    earlier revocation of his parole. Thus, the Petition was moot when Petitioner was released from

2    custody.

3        In addition, Petitioner is no longer confined as a result of the revocation of his CDFS or

4    parole, and he can no longer satisfy the case or controversy requirement since he no longer has a

5    "personal stake in the outcome" of the case. *See Lewis.*, 494 U.S. at 477–78.  The facts of this

6    case do not fall within the exception for an otherwise moot claim which are "capable of

7    repetition, yet evading review," because the mere possibility of repetition is speculative and

8    Petitioner has not demonstrated the "time between [the revocation of his CDFS and parole] and

9    [release from custody] is always so short as to evade review." *Spencer*, 523 U.S. at 18;

10       Accordingly, the Court recommends the Petition be dismissed as moot.[2]

11                          **CERTIFICATE OF APPEALABILITY**

12       A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

13   court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

14   (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability

15   may issue . . . only if the [petitioner] has made a substantial showing of the denial of a

16   constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating

17   that jurists of reason could disagree with the district court's resolution of his constitutional

18   claims or that jurists could conclude the issues presented are adequate to deserve encouragement

19   to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*,

20   529 U.S. 473, 484 (2000)).

21

22   _____

23       [2] Respondent also asserts the Petition should be denied because Ground 1 is barred by the statute of
     limitations and Ground 2 is not cognizable as a federal habeas claim. Dkt. 15 at 4-5. As the Court finds the Petition

24   is moot, the Court declines to discuss Respondent's additional arguments.

1    No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or

2   would conclude the issues presented in the Petition should proceed further. Therefore, the Court

3   concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

4                                              **CONCLUSION**

5    The Court recommends granting Respondent's Motion and the Petition be dismissed as

6   moot. No evidentiary hearing is necessary and a certificate of appealability should be denied.

7   Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14)

8   days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to

9   file objections will result in a waiver of those objections for purposes of de novo review by the

10  district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R.

11  Civ. P. 72(b), the clerk is directed to set the matter for consideration on May 20, 2016, as noted

12  in the caption.

13   Dated this 28th day of April, 2016.

14

15   _____

     David W. Christel

16   United States Magistrate Judge

17

18

19

20

21

22

23

24